UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES A. KLEMENS, JR.,

                Plaintiff,

      v.

CAROLYN W. COLVIN
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

**DECISION AND ORDER**
14-CV-687S

1.      On July 7, 2016, this Court denied Plaintiff's challenge to an Administrative Law Judge's determination that he is not disabled within the meaning of the Social Security Act.  (Docket No. 14.)  Plaintiff now seeks reconsideration of that decision under Rule 59(e) of the Federal Rules of Civil Procedure on the basis that a portion of this Court's factual findings are clearly erroneous.  (Docket No. 16.)  For the reasons stated below, Plaintiff's motion is denied.

2.      Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

3.      The decision whether to grant or deny a motion to reconsider lies in this Court's discretion.  See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error

of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F.Supp. 538, 541 (M.D.Pa. 1993)).  Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision.  See Duane, 1994 WL 494651 at *1.  After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge."  Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

4.    Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Relief can also be granted to "correct a clear error or prevent manifest injustice."  Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl. Airways, 956 F.2d at 1255).  The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  The decision to grant a Rule 59(e) motion is within the sound discretion of the court.  New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

5.       Upon consideration of Plaintiff's motion, this Court is not convinced that its July 8, 2016 Decision and Order must be reconsidered.  Plaintiff first seeks reconsideration of this Court's finding that evidence in the record supported the ALJ's determination that Plaintiff's work as a cleaner in 2007 amounted to substantial gainful activity.  But this finding is supported by the record.  Evidence in the record supports the ALJ's finding that Plaintiff's work as a cleaner in 2007 constitutes substantial gainful activity.  In particular, Form SSA-3368 (R. at 149-156) reflects that Plaintiff worked 40 hours per week earning $7.50/hour as a cleaner from February–August 2007.  (R. at 151.)  He also worked as welder in November and December 2007, working 48 hours per week earning $10/hour.  (R. at 151.)  Although Plaintiff attempts to discount this evidence as hearsay because he did not personally prepare the form, it is reasonable to conclude (as the ALJ must have) that Plaintiff provided the information contained on the form, as all of the information is specific to him.  (R. at 149-156.)  This is therefore evidence that the ALJ could properly consider and assign whatever weight he found appropriate.  Reconsideration is therefore not warranted.[1]

6.       Plaintiff's second basis for reconsideration is that his certified earnings record is controlling under 42 U.S.C. § 405 (c)(3), and any other evidence of his earnings in the record cannot properly be considered.  Plaintiff concedes that this argument was not raised previously.  It may therefore not properly be considered, because Rule 59 (e) is not a vehicle for presenting a case under new theories or taking a "second bite at the apple."

---

[1]Some confusion may have arisen because the previous decision indicated that Plaintiff "testified" to working as a cleaner as described herein.  He did not.  Plaintiff provided this information to the preparer of the social security form.  (R. at 151.)

3

See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  Consequently, Plaintiff's second basis for reconsideration is improper.  See Citizens Against Casino Gambling in Erie Cty v. Hogan, No. 07-CV-0451S, 2008 WL 4057101, at *6 (W.D.N.Y. Aug. 26, 2008) (noting that a Rule 59 (e) motion "should be granted only when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters *that were put before it on the underlying motion* . . . ) (emphasis added).

7.      Alteration of a court's judgment pursuant to Rule 59 (e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003).  Finding no basis for reconsideration, Plaintiff's motion is denied.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 146) is DENIED.

SO ORDERED.


Dated:  November 4, 2016
        Buffalo, New York


                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                        United States District Judge